UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY ROSKE,

                         Plaintiff,                          Index No. 11-Civ-04534-LTS
                                                                      ECF Case
        vs.

DEUTSCHE LUFTHANSA AG

                         Defendant


MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
DEUTSCHE LUFTHANSA AG'S MOTION FOR SUMMARY JUDGMENT


**MORITZ C. SCHUMANN, ESQ**
Moritz C. Schumann (MS-4973)
500 Fifth Avenue, Suite 4810
New York, New York 10110
Telephone: (212) 584-4230

*Attorney for Plaintiff Henry Roske*

## TABLE OF AUTHORITIES

**Cases**

*Decision of the German Federal Court of Justice dated April 29, 2010*................................6
*(Index No: Xa ZR 5/09)*

*Design Strategy, Inc. v. Davis*, 469 F. 3d 284, 302 ((2d. Cir. 2006)....................................8

*El Al Israel Airlines, Ltd. v. Tseng*................................................................................6
525 U.S. 155, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999)

*H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*..........................................5
879 F.2d 1005, 1011 (2d Cir. 1989)

*Hudson Hotels Corp. v. Choice Hotels Int'l*....................................................................4
995 F.2d 1173, 1175 (2d Cir. 1993)

*Gillman v. Chase Manhattan Bank*..............................................................................8
N.A. 73 N.Y. 2d 1, 10, 534 N.E.2d 824, 537 N.Y.S.2d 787

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*..........................................................5
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)

*Mullaney v. Delta Air Lines*.......................................................................................7
S.D.N.Y., June 3, 2009, 2009 U.S. Dist. LEXIS 51039

*Pavel Polinovsky and Ilona Polinovsky,and Hans-Peter Baumeister v. Deutsche Lufthansa AG*...6
N.D. Ill., March 30, 2012, Case no. 11 CV 780, 2012 U.S. Dist. LEXIS 44363.

*Pension Benefit Guar, Corp. v. LTV Corp.*......................................................................4
875 F.2d 1008, 1015 (2d Cir. 1989)

*Sompo Japan Insurance Inc. v. Nippon Cargo Airlines Co*..................................................6
522 F.3d 776 (7th Cir. 2008)

*Weiss v. El Al Israeli Airlines, Ltd.*, 433 F. Supp 2d 361(S.D.N.Y. 2006)..............................7

**Rules**

Fed. R. Civ P. 56....................................................................................................4

**Other Authorities**

*Convention for the Unification of Certain Rules of International Carriage by Air* .................1, 6, 7
("Montreal Convention")

Plaintiff HENRY ROSKE, through his attorney MORITZ C. SCHUMANN, hereby submits this Memorandum of Law in opposition to Defendant's Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Plaintiff Henry Roske (hereinafter "Plaintiff" or "Mr. Roske") requests this Court to deny Defendant's Motion for Summary Judgment and to allow this Court to proceed to trial. There are genuine issues of fact to be resolved at trial, and the Montreal Convention which Defendant attempts to rely on does not preempt Mr. Roske's claims. Furthermore, Plaintiff's has stated valid claims that are neither deficient under principles of contract law nor excluded under any other legal theory.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action is based on a purchase of airline tickets for a multi-leg flight made by Plaintiff in March 2010 (Complaint ¶4). The purchased flights include transportation from Hamburg, Germany to Vienna, Austria, on September 5, 2010 with flight LH 6364, and from Vienna, Austria, to Hamburg, Germany, on September 7, 2010 to Munich, Germany, with flight LH 3555, and continuing from Munich to Hamburg on September 10, 2010 with flight LH 54 (collectively, the "Flights"; Plaintiff's Statement pursuant to Local Rule 56.1, hereinafter the "Statement", ¶ 3; Complaint ¶4). Plaintiff booked the tickets for the Flights through the internet website www.orbitz.com and paid for the Flights as he had agreed to (Complaint ¶5, Statement ¶4). On March 30, 2010, Mr. Roske was notified through the website www.orbitz.com that his itinerary for flight LH 6364 had changed in that his ticket was now booked for Business Class instead of Economy Class (Complaint ¶6; Statement ¶21). Despite the notification dated March 30, 2010, Plaintiff had to fly in economy class (Complaint ¶6; Statement ¶7). When Mr. Roske checked in for flight LH 6364 at Hamburg airport on September 5, 2010, he was required to pay an excess baggage surcharge for his luggage, even though he would have been entitled to check in his luggage

free of charge in business class (Complaint ¶14; Statement ¶11). Lastly, after Mr. Roske decided to forego the first leg of his return flight from Vienna to Munich on September 7, 2010, Defendant refused to honor the flight ticket from Munich to Hamburg on September 10, 2010 that Mr. Roske had booked. (Complaint ¶27 and 28; Statement ¶13). Mr. Roske was required to purchase a one-way ticket for €416.70 in order to fly to Hamburg on this day (Complaint ¶28). Mr. Roske's damage for the refusal of business class transportation to Vienna, the baggage surcharge and refusal to honor his ticket from Munich to Hamburg are based on breach of contract (Complaint ¶8-13, ¶16-21, ¶29-35) and in part (with respect to the baggage surcharge and refusal to honor the Munich-Hamburg ticket based on unjust enrichment (Complaint ¶ 22-26 and ¶36-40). Based on Defendant's willful disregard of applicable law (Complaint ¶35; Statement ¶22), Mr. Roske is requesting punitive damages for Defendant's refusal to honor the Munich-Hamburg ticket (Complaint ¶35).

Plaintiff's Complaint was initially filed in the State of New Supreme Court, New York County on January 13, 2011 under Index No. 11-100607 (Statement ¶18). On July 1, 2011, Defendant filed Notice of Removal and answered the Complaint on July 8, 2011 (Statement ¶19).

## ARGUMENT

### POINT 1
### THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED WHEN THERE ARE MATERIAL ISSUES OF FACTS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure a court shall grant a motion for summary judgment if it concludes that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this standard, summary judgment is appropriate if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law," *Pension Benefit Guar, Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir. 1989). In order to make this determination, the court will not resolve disputed factual issues, but reaches a conclusion as to whether there exists "a genuine and material issue for trial." *Hudson Hotels Corp. v. Choice Hotels Int'l*, 995 F.2d 1173, 1175 (2d Cir. 1993). An

-4-

issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Summary judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party. *H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989). Plaintiff has alleged that he was provided with notice of his change of reservation to business class (Complaint ¶6; Affidavit of Moritz C. Schumann dated May 7, 2012, ¶3), which was not admitted by Defendant (Answer ¶6). Plaintiff has also alleged that Defendant's refusal to honor his reservation for the flight from Munich to Hamburg was in wanton and willful disregard of applicable law and that Defendant was wrongfully maximizing its profits at the expense of Plaintiff (Complaint¶35), which Defendant denied (Answer ¶35). Both allegations concern material fact to be resolved at trial. In addition and as further shown below, the Montreal Convention neither bars Mr. Roske's contract claims nor are they "facially without merit" as claimed by the Defendant. Finally, the Montreal Convention does not exclude Plaintiff's claim for punitive damages.

## POINT 1
### PLAINTIFF'S RECEIPT OF THE NOTICE DATED APRIL 30, 2010 AND DEFENDANT''S WANTON AND WILLFUL DISREGARD OF APPLICABLE LAW ARE MATERIAL FACTS TO BE RESOLVED AT TRIAL

Plaintiff has alleged that he was notified on April 30, 2010 that his itinerary for flight LH 6364 had changed in that his ticket was now booked for Business Class instead of Economy Class (Complaint ¶6; Statement ¶21; Affidavit of Moritz C. Schumann dated May 7, 2012, ¶3). Defendant has denied knowledge and information sufficient to form a belief as to the truth of this allegation (Answer ¶6). Plaintiff's claim for breach of contract is based upon this notification (Complaint ¶6, 8-13, 14-21). Therefore, the Plaintiff's allegation raised a material issue of fact.

Plaintiff furthermore averred that Defendant has "wantonly and willfully" violated applicable laws by denying PLAINTIFF boarding on the Hamburg-Munich Flight and making him buy a one-way ticket at an excessive charge, thereby wrongfully maximizing its profits at the

expense of PLAINTIFF. (Complaint ¶35; Statement ¶22). Defendant has denied this allegation (Answer ¶35). The highest court of the Federal Republic of Germany *(Bundesgerichtshof)* held that it is unlawful for airlines to refuse air transportation to a passenger who decides to forfeit a part of the trip that was booked. *See, Decision of the German Federal Court of Justice dated April 29, 2010 (Index No: Xa ZR 5/09).* In this decision, the court declared terms and conditions of carriage of British Airways which deny a passenger carriage on one flight of a multi-leg flight reservation based on the fact that the passenger did not check-in for the preceding flight of his reservation are unfairly penalizing passengers and therefore void1. Mr. Roske alleges that Defendant was aware of the legal situation, wantonly and willfully ignored it and acted in violation of said decision. Mr. Roske's allegations therefore raise a material issue of fact that is to be decided at trial.

## POINT 2
### THE MONTREAL CONVENTION DOES NOT EXCLUDE PLAINTIFF'S BREACH OF CONTRACT CLAIMS

It is undisputed that the Montreal Convention preempts state law causes of action that are in conflict with the provisions of the Convention *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 175, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999). Courts have held, however, that this means only that a contract or tort claim that falls within the scope of the Convention may proceed as long as it is not inconsistent with it. *Sompo Japan Insurance Inc. v. Nippon Cargo Airlines Co.,* 522 F.3d 776, 785 (7th Cir. 2008); *Pavel Polinovsky and Ilona Polinovsky, and Hans-Peter Baumeister v. Deutsche Lufthansa AG,* N.D. Ill., March 30, 2012, Case no. 11 CV 780, 2012 U.S. Dist. LEXIS 44363. These decisions are based on the wording of Article 24 of the Warsaw Convention, the predecessor of the Montreal Convention, allowing an action to be brought "in contract or tort or otherwise." *Sompo,*

---

1 The court held that according to general principles of contract law, a creditor may request partial performance if this adequately fulfills his contractual interests and if the performance is economically and legally divisible. According to the court, this applies to a multi-leg flight. Even if a passenger does not embark on one of the flights, the other flights can still be performed. The court noted that the contested provisions entirely deprive the passenger of its right of transportation, unfairly penalize the passenger and are therefore void.

522 F.3d at 776. As shown below, Plaintiff's claims are either within the scope of the Montreal Convention and consistent with it or outside its scope and may therefore be brought.

Plaintiff's claims based on the baggage surcharge and the refused seating in business class are related to the carriage of passengers and baggage and therefore within the scope of Articles 1 and Articles 29 of the Montreal Convention. Their amounts are also not excluded by the limitation of liability set forth in Article 22 of the Montreal Convention. Therefore, on the basis of the case law cited above, they may be brought as state law claims.

Courts have held that an airline's refusal to transport a passenger on a flight despite a valid reservation amounts to non-performance, which is not covered by the Montreal Convention *Mullaney v. Delta Air Lines*, S.D.N.Y., June 3, 2009, 2009 U.S. Dist. LEXIS 51039; *Weiss v. El Al Israeli Airlines, Ltd.*, 433 F. Supp 2d 361(S.D.N.Y. 2006). Defendant's refusal to fly Mr. Roske from Munich to Hamburg on September 10, 2010 constitutes "bumping." Such bumping amounts to non-performance and is excluded from the scope of the Montreal Convention. *Weiss v. El Al Israeli Airlines, Ltd.*, 433 F. Supp 2d. at 369. Mr. Roske should therefore be entitled to bring any claims resulting from Defendant's non-performance outside the regimen of the Montreal Convention.

### POINT 3
### PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS NOT EXCLUDED BY THE MONTREAL CONVENTION OR BY NEW YORK LAW

Plaintiff is requesting punitive damages for Defendant's refusal to transport him from Munich to Hamburg as such refusal was in willful disregard of applicable law. Since the conduct on which the claim for punitive damages is based, falls outside the scope of the Montreal Convention, the claim for punitive damages does so as well. Therefore, Defendant's reliance on Article 29 of the Montreal Convention is beside the point.

Sentence 2 of Article 29 of the Montreal Convention states:

"In any such action, punitive, exemplary or other non-compensatory damages shall not be recoverable."

The term "such action" thereby clearly refers to a claim that is within the applicability of the

Montreal Convention, which this cause of action is not.

New York law also supports an award of punitive damages in this case. They should be awarded in cases if "gross, wanton or willful fraud or other morally culpable conduct." *Design Strategy, Inc. v. Davis*, 469 F. 3d 284, 302 ((2d. Cir. 2006). Defendant has willfully ignored the decision of the German Federal Court of Justice quoted above and despite better knowledge, grossly disadvantages and penalizes its passengers, such as Mr. Roske, by denying them carriage despite a valid reservation. For these reasons, Mr. Roske should be awarded punitive damages.

## POINT 4
## PLAINTIFF'S CONTRACT CLAIMS ARE VAILID AND THE CLAUSES THAT DEFENDANT RELIES ON ARE UNCONSCIONABLE

Contrary to Defendant's assertions, Mr. Roske's contractual claims are valid and Defendant cannot rely on unconscionable terms and conditions.

Defendant offered Lufthansa to transport him from Hamburg to Munich in business class. Despite the parties' initial promise for transportation in economy class, Defendant, through its booking agent www.orbitz.com modified its promise, and Mr. Roske' did not object to the modification. Defendant's characterization of this promise as an isolated gift by Defendant that can be revoked at any time is misplaced. Defendant was still receiving consideration for its transportation services. Defendant admits that transportation in business class would entitle Plaintiff to check 30 kilograms free of charge (Statement ¶10). Thus, Defendant breached the contract of carriage with Mr. Roske by imposing a baggage surcharge for his luggage.

In the event that this Court should hold that the contract was not modified to provide for transportation in business class, it is evident that Plaintiff brought heavier luggage than allowed for check-in in economy class in reliance of a valid ticket for business class. Therefore, Mr. Roske's claims can be based on detrimental reliance.

Defendant reliance on Article 3.3.1 of its General Conditions of Carriage to justify its refusal to honor Mr. Roske's reservation for the flight from Hamburg to Munich on September 10, 2012 is unfounded, because this clause is unconscionable and therefore void. A contractual clause is

unconscionable if it is unreasonably favorable to the party against whom unconscionability is urged. *Gillman v. Chase Manhattan Bank*, N.A. 73 N.Y. 2d 1, 10, 534 N.E.2d 824, 828, 537 N.Y.S.2d 787, 791. In this case, the provision deprives the passenger of all of the services that he contracted for without any alternative remedy or substitution (such as a re-booking fee). It therefore disproportionately penalizes the passenger and unreasonably favors the Defendant in this case. Therefore, the clause is void and should be disregarded. In the light of the foregoing, Defendant breached its obligations under the contract of carriage entered into when it refused to transport Plaintiff from Munich to Hamburg on September 10, 2010.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Summary Judgment, award costs and disbursements to Plaintiff and such other and further relief as this Court deems fair and proper.

Dated: New York, New York
May 7, 2012

MORITZ C. SCHUMANN, ESQ.
Attorney for Plaintiff Henry Roske

By: _____
Moritz C. Schumann
500 Fifth Avenue, Suite 4810
New York, NY 10110
(212) 584-4230

To:    Frank M. Marcigliano
       Nicoletti Hornig & Sweeney
       88 Pine Street
       Wall Street Plaza
       New York, NY 10005-1801
       *Attorneys for Defendant Deutsche Lufthansa AG*